White, J.
The original petition sought a judgrpent of forfeiture against the defendant of all its corporate rights and franchises; but at the trial, on leave, the attorney-general, with the consent of the city of Ironton, amended the petition by charging the defendant with a misuse of its franchises and the exercise of a power not conferred by law; and, expressly waiving a forfeiture, asked that judgment be entered that the defendant be ousted from the continuance of such offense and the exercise of such power.
Yarious matters of defense were set up in the answer, which, under the amendment to the petition, need not now be considered: The only remaining questions we deem it necessary here to notice are the following :
1. On December 20, 1866, an agreement was entered into betiveen the city and the defendant, whereby it was stipulated, among other things, that the defendant should furnish gas to the city for the period of twenty years, for which it was to be paid at certain sjieciffed rates.' At the date of the agreement the city was not authorized to stipulate for the price of gas for a period exceeding ten years. The defendant claims, however, that although the agreement was not binding as to the price specified beyond ten years, yet for the remainder of the term the city was bound to take the gas and pay for it what it was reasonably worth.
All that we deem it necessary to say in answer to this claim is, that it is without foundation. The agreement was performed by the parties for the period of ten years, and no ques *47 tion is raised as to its validity for that term ; but, after that period, the agreement was clearly inoperative as affecting the authority vested in the city council, to fix the price at which gas should be furnished by the defendant.
2. The next question is whether a certain ordinance of the city is to be regarded as an ordinance regulating the price of gas, or as a mere proposal of the terms upon which the city is willing to contract for gas.
The ordinance is as follows:
“An ordinance to fix the price of gas furnished to the city and citizens of Ironton, Ohio.
“ Section 1. Be it ordained by the city council of the city of Ironton, Ohio, That the price of gas furnished to the city and citizens, a good quality of gas of legal standard, for the period of five years from September 24th, 1877, shall be at the following rates, viz: For that furnished to the city in all hose houses and other public buildings belonging to the city, the sum of two dollars and twenty-five cents ($2.25) per thousand cubic feet, and for the two lamps erected in Storms creek bridge, the sum of thirty-three dollars ($33.00) each, annually, to burn each and every night during the year, and for all public or street lamps, the sum of twenty-five dollars ($25.00) each, annually, and to bum all dark hours, and for the use of private citizens, or any other purpose than above specified, n ot to exceed two dollars and twenty-five cents ($2.25) per thousand cubic feet.
“ See. 2. This ordinance to take effect and be in force from and after passage and legal publication.
“ Passed September 10, 1877.”
Another ordinance of the same date provided, “ That if any gas company or gas-light and coke company shall agree to furnish gas to the city and citizens, according to the price as fixed by the council, for five years, it shall be granted ” certain . specified privileges.
The city coxmcil is authorized to regulate, from time to time, the price which gas companies may charge for gas; and it is provided that they shall in no event charge more for any gas furnished to the city or individuals than the price specified in the ordinance. Rev. Stats. § 2478.
*48 Section 2479 provides that “In case the council fixes the minimum price at which it requires any gas company to furnish gas . . . for a period not exceeding ten years, and the company assents thereto, by written acceptance, filed in the office of the clerk of the corporation, it shall not be lawful foi the council to require such company to furnish gas at a less price during the period of time agreed on, not exceeding ten years, as aforesaid.”
The provision in the ordinance for continuing the price of gas as fixed, for the period of five years, operated under section 2479, as a proposition to the company, which, if accepted as therein provided, would preclude the council from lowering the price for the period named ; but if not thus accepted the power of the council to regulate the price from time to time was as ample as it would have been had the ordinance contained no such provision as to time.
3. The validity of the ordinance is denied on the grounds that it was passed by the members of the city council without sufficient information and from improper motives. The charge in the answer, among other things, is that they were “ actuated by motives of hostility to the defendant and of pandering to popular prejudice against said gas company, and without the proper motive to deal fairly and justly with the defendant, passed-the said pretended ordinances.” It is also averred that the price fixed for gas by the ordinance is not a fair compensation, but is grossly inadequate.
Tc support this defense the defendant relies upon State ex rel. v. Cincinnati Gas Light and Coke Company, 18 Ohio St. 263, 300.
In that case the city had the right to purchase the gas works of the company at an appraisement; and the pleading there in question set up, in substance, that for the fraudulent purpose of compelling the defendant to submit to an unfair appraisement of its gas works and fixtures, with a view to the purchase of the same by the city, under such appraisement, a majority ■of the members of the city council, at a secret meeting, resolved to pass and enforce the ordinance, although it was well known to them that the price named therein was not an adequate *49 price for gas in said city; and to carry ont said fraudulent purpose the same members who composed said secret meeting, adopted said ordinance.
In that case the facts constituting .the fraud were alleged. In the present case no such facts are stated.
The presumption is in favor of the good faith and validity of the action of the council; and this presumption can only be overcome by the averment of issuable facts showing the contrary. It is only where the facts show not a real, but the mere colorable exercise of the authority vested in the council, that the ordinance can be held invalid.
Denunciation of'the motives and action of the members of the council may show the opinion or conclusion pf the pleader in regard to their action; but it is of no legal significance on the question of its validity.
So also as to the alleged inadequacy of the price of gas as fixed by the ordinance. In the absence of facts showing fraud or bad faith on the part of the council, the inadequacy of the price is not the subject of inquiry.
The demurrers to the several defenses set up in the answer are sustained, and judgment rendered ousting the defendant from charging more for gas than is allowed by the ordinance.
Johnson, J., did not sit in this ease.